UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-3575-DOC (KK)** | Date: | May 17, 2019 |

Title: *Daniel M. Davis v. Filipe Martinez, Jr.*

---

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction

# I.
# BACKGROUND

On June 19, 2008, Petitioner Daniel M. Davis ("Davis") pled guilty to possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4) in the United States District Court of Idaho ("District of Idaho"). See USA v. Davis, 1:07-cr-0025-ELJ-1 (D. Idaho, filed Oct. 10, 2007).[1] On February 9, 2009, Davis was sentenced to 168 months in prison and a lifetime term of supervised release. ECF Docket No. ("Dkt.") 1, Pet. at 2.

On December 26, 2012, Davis filed a motion to vacate his 2009 conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") in the District of Idaho. See USA v. Davis, 1:12-cv-00646-EJL (D. Idaho, filed Dec. 26, 2012), dkt. 1.

While Davis' Section 2255 motion was pending in the District of Idaho, on May 2, 2016, Davis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") in this Court, challenging his 2009 sentence. See Davis v. Langford, 2:16-cv-03552-DOC-KK, dkt. 1.

---

[1]   A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

On June 27, 2016, the Court dismissed the petition for lack of jurisdiction because the petition was a successive Section 2255 motion disguised as a Section 2241 motion. Id., dkt. 6.

On November 1, 2016, the District of Idaho denied Davis' Section 2255 motion. Davis, 1:12-cv-00646-EJL, dkts. 48, 49. On December 8, 2016, Davis requested permission from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") to appeal the District of Idaho's decision. See id., dkt. 52. On February 13, 2017, the Ninth Circuit denied the request. Id., dkt. 55.

On March 28, 2019, Davis, who is currently incarcerated at Federal Correctional Institute in Lompoc, California, constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Section 2241 again challenging his 2009 conviction and sentence. Dkt. 1, Pet. at 1. Davis raises four claims: (1) "[Davis] is actually innocent of the allegations used to impose an upward departure"; (2) "[t]he guilty plea was involuntary and the conviction is unconstitutional"; (3) "[t]he district court was without jurisdiction to impose the sentence"; and (4) "[t]he adjudication of [Davis'] Section 2255 [motion] was procedurally defective, denying [Davis] the opportunity to fully litigate his claims for relief". Id. at 3-4.

## II.
## DISCUSSION

### A. APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**B.  ANALYSIS**

Here, Davis does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Davis appears to challenge the legality of his 2009 conviction and sentence. See Dkt. 1, Pet. Thus, Davis cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.

Davis does not meet the second prong of Section 2255's escape hatch. Davis fails to establish he lacked an unobstructed procedural shot at presenting his claim. See Alaimalo, 645 F.3d at 1047. The legal basis for Davis' claims all arose before he filed his Section 2255 motion in the District of Idaho and the law has not changed in any way relevant to Davis' claims after that Section 2255 motion. See id. Moreover, the fact that Davis may be barred from filing a second and successive Section 2255 motion in the District of Idaho does not render Section 2255 inadequate or ineffective. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (analyzing the Section 2255's escape hatch "is narrow," and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." (internal quotation marks omitted)); Stephens, 464 F.3d at 898 ("[T]he general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective"); Reed v. Matevousian, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *3 (E.D. Cal. Dec. 20, 2016) (citing Aronson v. May, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964)) ("The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred."). Davis, therefore, fails to meet the second prong of Section 2255's escape hatch. Harrison, 519 F.3d at 959. Hence, the Petition seeking to challenge Davis' 2009 conviction and sentence is a successive Section 2255 motion disguised as a Section 2241 motion. Thus, this Court lacks jurisdiction over the successive Section 2255 motion. See Hernandez, 204 F.3d at 864-65.

**III.**
**ORDER**

Accordingly, the Court hereby **ORDERS** Davis to file a written response to this Order no later than **twenty-one (21) days after the date of this Order**. In the response, Davis must elect one of the following three options:

1. If Davis contends his action is not a challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court no later

than **twenty-one (21) days after the date of this Order**.  Davis should attach copies of any documents that support his position.

2. If Davis contends his action challenges the legality of detention and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**.  Davis should attach copies of any documents that support his position.

3. If Davis wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**.  **A Notice of Dismissal form is attached for Davis' convenience.**  The Court advises Davis, however, that if he should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Davis that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey court orders.

**IT IS SO ORDERED.**