UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL M. DAVIS,<br><br>    Petitioner,<br><br>    v.<br><br>FILIPE MARTINEZ, JR., Warden,<br><br>    Respondent. | Case No. CV 19-3575-DOC (KK)<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.
## **INTRODUCTION**

Petitioner Daniel M. Davis ("Davis") has filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241 challenging his 2009 conviction and sentence in the United States District Court for the District of Idaho ("District of Idaho"). As discussed below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

## II.
## **BACKGROUND**

On June 19, 2008, Davis pled guilty to possession of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(4) in the District of

Idaho. See USA v. Davis, 1:07-cr-0025-ELJ-1 (D. Idaho, filed Oct. 10, 2007).[1] On February 9, 2009, Petitioner was sentenced to 168 months in prison and a lifetime of supervised release. ECF Docket No. ("Dkt.") 1, Pet. at 2.

On December 26, 2012, Davis filed a motion to vacate his 2009 conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") in the District of Idaho. See USA v. Davis, 1:12-cv-00646-EJL (D. Idaho, filed Dec. 26, 2012), dkt. 1.

On May 2, 2016, while Davis' Section 2255 motion was pending in the District of Idaho, Davis filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") in this Court, challenging his 2009 sentence. See Davis v. Langford, 2:16-cv-03552-DOC-KK, dkt. 1. On June 27, 2016, the Court dismissed the petition for lack of jurisdiction because the petition was a second and successive Section 2255 motion disguised as a Section 2241 motion. Id., dkt. 6.

On November 1, 2016, the District of Idaho denied Davis' Section 2255 motion. Davis, 1:12-cv-00646-EJL, dkts. 48, 49. On December 8, 2016, Davis requested permission from the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") to appeal the District of Idaho's decision. See id., dkt. 52. On February 13, 2017, the Ninth Circuit denied the request. Id., dkt. 55.

On March 28, 2019, Davis, who is currently incarcerated at Federal Correctional Institute in Lompoc, California, constructively filed[2] the instant pro se Petition pursuant to Section 2241 again challenging his 2009 conviction and sentence. Dkt. 1, Pet. at 1. Davis raises four claims: (1) "[Davis] is actually innocent of the

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

allegations used to impose an upward departure"; (2) "[t]he guilty plea was involuntary and the conviction is unconstitutional"; (3) "[t]he district court was without jurisdiction to impose the sentence"; and (4) "[t]he adjudication of [Davis'] Section 2255 [motion] was procedurally defective, denying [Davis] the opportunity to fully litigate his claims for relief". Id. at 3-4.

On May 17, 2019, the Court issued an Order to Show Cause why this action should not be dismissed for lack of jurisdiction ("OSC"). Dkt. 3. On May 28, 2019, Davis constructively filed a Response to the OSC. Dkt. 4.

## III.

## DISCUSSION

### THIS COURT LACKS SUBJECT MATTER JURISDICTION

**A.  APPLICABLE LAW**

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner

3

'(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**B. ANALYSIS**

Here, Davis does not challenge "the manner, location, or conditions of a sentence's execution." See Harrison, 519 F.3d at 956. Rather, Davis appears to challenge the legality of his 2009 conviction and sentence. See Dkt. 1, Pet. Thus, Davis cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. See Lorentsen, 223 F.3d at 953.

Davis does not meet the second prong of Section 2255's escape hatch. Davis fails to establish he lacked an unobstructed procedural shot at presenting his claim. See Alaimalo, 645 F.3d at 1047. The legal bases for Davis' claims arose before he filed his Section 2255 motion in the District of Idaho and the law has not changed in any way relevant to Davis' claims after that Section 2255 motion. See id. Moreover, the fact that Davis may be barred from filing a second and successive Section 2255 motion in the District of Idaho does not render Section 2255 inadequate or ineffective. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) (analyzing the

Section 2255's escape hatch "is narrow," and its "remedy is not inadequate or ineffective merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition." (internal quotation marks omitted)); Stephens, 464 F.3d at 898 ("[T]he general rule in [the Ninth Circuit] is that the ban on unauthorized second or successive petitions does not per se make § 2255 inadequate or ineffective"); Reed v. Matevousian, No. 1:15-cv-01019-SKO HC, 2016 WL 7374586, at *3 (E.D. Cal. Dec. 20, 2016) (citing Aronson v. May, 85 S. Ct. 3, 5, 13 L. Ed. 2d 6 (1964)) ("The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred."). Davis, therefore, fails to meet the second prong of Section 2255's escape hatch. Harrison, 519 F.3d at 959.

Hence, the Petition seeking to challenge Davis' 2009 conviction and sentence is a second and successive Section 2255 motion disguised as a Section 2241 motion. Thus, this Court lacks jurisdiction over the Petition. See Hernandez, 204 F.3d at 864-65.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED this action is DISMISSED without prejudice to Davis seeking permission from the United States Court of Appeals for the Ninth Circuit to file a second and successive Section 2255 motion in the District of Idaho.

Dated: June 6, 2019

HONORABLE DAVID O. CARTER
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

5